UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GUILLERMO F. GARCIA,

    Plaintiff,

    v.

WELLS FARGO,

    Defendant.

No. CV-12-5019-EFS

**ORDER DENYING PLAINTIFF'S MOTION FOR AN INJUNCTION AND DENYING AS MOOT PLAINTIFF'S DISCOVERY MOTION**

On July 17, 2012, a telephonic hearing was held in the above-captioned matter. Plaintiff Guillermo F. Garcia participated; and Robert Bocko appeared on behalf of Defendant Wells Fargo. Before the Court were Mr. Garcia's Request for a Temporary Restraining Order, ECF No. 20, Request for Defendant's Deadline to Answer 1st Interrogatories, ECF No. 21, and Request for Injunction, ECF No. 23.[1] After reviewing the record and relevant authority and hearing from Mr. Garcia and counsel, the Court was fully informed. This Order supplements and memorializes the Court's oral rulings.

**A.    Injunctive Requests**

On June 7, 2012, Mr. Garcia filed a Request for Temporary

---

[1] A scheduling conference was also held. The Court will enter a separate Scheduling Order.

ORDER - 1

Restraining Order.[2]  Then on June 13, 2012, he filed a Request for Injunction.  Both motions ask the Court to restrict Wells Fargo's ability to make repairs to the subject residence in College Place, Washington.  Because Mr. Garcia superseded his initial temporary-restraining-order motion, the Court denies his initial motion as moot.

Turning to Mr. Garcia's subsequent Request for Injunction, the Court finds he failed to establish that a preliminary injunction is appropriate.  "A preliminary injunction is not a preliminary adjudication on the merits: it is an equitable device for preserving the status quo and preventing the irreparable loss of rights before judgment."  *Textile Unlimited v. A..bmhand Co.*, 240 F.3d 781, 786 (9th Cir. 2001).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Mr. Garcia failed to present any evidence to establish a finding in his favor as to any of these factors.  Mr. Garcia contends that he must conduct discovery to do so.  However, the Court may only enter a

---

[2]  Mr. Garcia did not file a notice of hearing for this motion. He was advised of this requirement previously in the Court's April 28, 2012 Order Addressing Case Status, ECF No. 3 at 2.  On June 8, 2012, he was also sent a deficiency notice by the Clerk's Office regarding his failure to file a notice of hearing.

preliminary injunction if Mr. Garcia is able to show that he is likely to succeed on the merits, likely to suffer irreparable harm if Wells Fargo conducts repairs on the residence, that the balance of equities tips in his favor, and that the restriction on Wells Fargo's ability to conduct repairs on the residence would be in the public interest. Mr. Garcia failed to establish any of these requirements as he has not 1) explained why he is not subject to the Washington Deed of Trust Act's forfeiture contest procedure, *see* RCW 61.24.130(1) *and Plein v. Lacky*, 149 Wn.2d 214, 226 (2003) ("This statutory procedure is the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure."); 2) addressed why he is not bound by the Walla Walla Superior Court's ruling finding that the foreclosure sale is valid and final; 3) addressed the fact that the original Deed of Trust between he and his wife and Wells Fargo gave Wells Fargo the contractual right to take steps to preserve the property after default to prevent it from falling into disrepair, or 4) presented any facts or legal argument to support his claims under the Truth in Lending Act, 15 U.S.C. §§ 1635 & 1640, or his fraudulent omissions, breach of contract, or bad faith claims. For these reasons, the Court denies Mr. Garcia's Request for Injunction.

**B.   Mr. Garcia's Discovery Request**

On June 8, 2012, Mr. Garcia filed a Request for Defendant's Deadline to Answer 1st Interrogatories, ECF No. 21. Initially, Wells Fargo opposed the motion because Mr. Garcia had not served Wells Fargo

with a timely discovery request in this lawsuit[3] and because the Court in its April 27, 2012 Court Order had informed the parties that they could not engage in discovery until the Federal Rule of Civil Procedure 26(f) conference was held, ECF No. 3 at 2 (quoting Fed. R. Civ. P. 26(d)).  Mr. Garcia however later served Wells Fargo with a discovery request in this lawsuit, noting that Wells Fargo could answer it within thirty days of the scheduling conference.  Wells Fargo agrees to answer the recent discovery request no later than August 16, 2012.  Given the parties' agreement, the Court denies Mr. Garcia's discovery motion as moot.

**C.    Wells Fargo's Dispositive Motion**

On July 10, 2012, Wells Fargo filed a Motion to Dismiss and/or For Summary Judgment, ECF No. 39.  On that same date, the Clerk's Office mailed to Mr. Garcia a Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule, ECF No. 45.  At the hearing, Mr. Garcia stated that he needs to conduct discovery to respond to Wells Fargo's motion.  The Court encouraged Mr. Garcia to review the Local Rules and Federal Rules of Civil Procedure, including Rules 56, and if necessary to file a motion seeking the desired relief.

**D.    Civility Code**

Mr. Garcia and counsel must abide by the Civility Code set forth in Local Rule 83.1.  A failure to "act with dignity, integrity, and courtesy in oral and written communications" with the opposing party and

---

[3] It was a discovery request served by Mr. Garcia in one of his prior lawsuits: EDWA CV-10-5146-EFS and EDWA CV-11-5111-EFS.

ORDER - 4

their counsel may result in the imposition of sanctions. LR 83.1(k)(2)(a).

**E.   Court Filings**

The Court again reminds Mr. Garcia that any document presented to the Clerk's Office for filing shall utilize the caption and case number set forth above. ECF No. 7 at 1. And all filed documents must contain original signatures. ECF No. 3 at 2; *see* L.R. 10.1(a)(3) ("All pleadings shall be signed as required by FED. R. CIV. P. 11."). Any documents that fail to comply with these requirements will be returned without filing. Plus, a motion must be accompanied by a separate notice of hearing. LR. 7.1(h)(1). The Court will not hear a motion unless a proper notice of hearing is filed.

**F.   Conclusion**

For the above given reasons, **IT IS HEREBY ORDERED:**

1.   Mr. Garcia's Request for a Temporary Restraining Order, **ECF No. 20**, is **DENIED AS MOOT.**

2.   Mr. Garcia's Request for Defendant's Deadline to Answer 1st Interrogatories, **ECF No. 21**, is **DENIED AS MOOT.**

3.   Mr. Garcia's Request for Injunction, **ECF No. 23**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to Mr. Garcia and counsel.

**DATED** this ___19th___ day of July 2012.


                           s/Edward F. Shea
                           EDWARD F. SHEA
                 Senior United States District Judge

Q:\Civil\2012\5019.sc.motions.lc1.frm

ORDER ‑ 5